United States District Court
Middle District of Florida
Jacksonville Division

**HOLLEY SIDES,**

 *Plaintiff,*

v.                  NO. 3:15-CV-153-J-32PDB

**ADVANCED DISPOSAL SERVICES NATIONAL ACCOUNTS, INC., & ADVANCED DISPOSAL SERVICES SOUTH, INC.,**

 *Defendants.*

---

## Report and Recommendation

Before the Court in this case under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, is the parties' motion for approval of their settlement agreement and dismissal with prejudice. Doc. 20. I recommend granting the motion.

### Background

The plaintiff alleges these facts. She worked for the defendants for over ten years.[1] Doc. 2 ¶ 6. She worked as a "Business Systems Analyst" from 2007 to mid-2013, and as a "Business Systems Manager/Client Solutions Manager" from mid-2013 to the beginning of 2014, when her employment ended. Doc. 2 ¶ 6. In both positions, she helped employees create user accounts, delete user accounts, and reset passwords; helped the defendants update and convert software; trained employees on

---

[1] The plaintiff filed the case in state court, Doc. 2, and the defendants removed it, Doc. 1. She asserts only a FLSA claim. Doc. 2.

how to use the software; and served as a liaison between the defendants and software companies. Doc. 2 ¶¶ 10, 13. As a "Business Systems Manager/Client Solutions Manager" she also helped with the conversion to a new software system by helping to develop procedures and processes for the new system. Doc. 2 ¶ 14. Training employees consisted of giving them documents from the software companies and answering questions about them. Doc. 2 ¶ 11. She could not alone approve software updates or expenditures. Doc. 2 ¶ 12. Her work was limited to the existing user interface of the software, she never supervised more than one full-time employee, and she was not responsible for hiring, firing, or taking other employment actions. Doc. 2 ¶¶ 15, 16, 21. She worked an average of 55 hours a week but was never paid overtime compensation. Doc. 2 ¶¶ 17, 18. The defendants kept no records of the hours she worked. Doc. 2 ¶ 19. "[T]here was never any understanding that [her] salary was intended to compensate her for any [overtime] hours worked." Doc. 2 ¶ 20.

The defendants deny the plaintiff worked overtime and dispute her description of her job duties, Doc. 4 ¶¶ 7−8, 10–14, 21. They raise affirmative defenses, including she was exempt from overtime requirements under 29 U.S.C. § 213(a)(1) (exempting any employee employed in a bona fide executive, administrative, or professional capacity) and § 213(a)(17) (exempting any employee who is a computer systems analyst, computer programmer, software engineer, or other similarly skilled worker who performs certain primary duties), some of her claims are barred by the statute of limitations in 29 U.S.C. § 255, they acted in good faith and had reasonable grounds

2

for believing they were not violating FLSA, and she, as a salaried employee, would be entitled to overtime only at a half-time pay rate. Doc. 4 at 5–8.

The parties are represented by counsel with experience in litigating FLSA claims. Doc. 20 at 5. They have engaged in some discovery and had one dispute requiring court intervention. Doc. 18. The discovery and dispositive-motion deadlines have not expired. Doc. 19. In answers to court interrogatories, the plaintiff claims the defendants owe her approximately $180,873 ($90,436.50 based on $54.81 for each overtime hour plus liquidated damages in the same amount), and prejudgment interest, attorney's fees, and costs. Doc. 5 at 4. In a verified summary of hours worked and wages paid, the defendants represent that, during a three-year period, they paid her gross earnings of between $2698.95 and $2849.43 a month and three bonuses of approximately $7000 each. Doc. 8-1.

In the current motion, the parties explain the settlement is a compromise reached in recognition of several bona fide disputes and to avoid further expenses expected to involve at least one more discovery dispute, a review of a lot of electronically stored information, and many depositions. Doc. 20 at 1–3. They dispute whether the defendants waived privileges or protections by asserting a good-faith defense and, if so, the extent of the waiver. Doc. 20 at 1–2. They dispute whether the plaintiff was exempt from overtime requirements. Doc. 20 at 1–2. And they dispute the damages she could recover if not exempt; specifically, whether she could obtain damages for two years or three years, whether she could obtain liquidated damages,

and whether damages would be computed using the fluctuating workweek method.[2] Doc. 20 at 1–2. They emphasize the settlement is "an arms-length compromise" without collusion. Doc. 20 at 3.

The parties add, "In addition to a compromised settlement amount for Plaintiff's FLSA wage claim, [they] have agreed to amounts to be paid for reasonable attorneys' fees and costs." Doc. 20 at 3. They explain the plaintiff's counsel agreed to represent her for a reduced hourly rate and reduced contingency fee if recovery occurs and has already incurred $8811 in attorney's fees and costs. Doc. 20 at 3.

The parties present a proposed settlement agreement. Doc. 20-1. The defendants agree to pay the plaintiff $5408.70 for alleged unpaid overtime (minus required deductions) and $5408.70 for alleged liquidated damages, and to pay her counsel $4182.60 for attorney's fees and costs. Doc. 20-1 at 2–3. She agrees to ask the Court to dismiss the case with prejudice and accept the amounts as full payment for hours worked and any other damages she could receive if she was successful. Doc. 20-1 at 3. She verifies she "carefully" read the agreement, she "knows and understands its contents," and she signs it "of her own free will." Doc. 20-1 at 4.

---

[2] "The fluctuating workweek method of payment allows an employee whose hours fluctuate from week to week to be compensated at a fixed amount per week as straight-time pay irrespective of the number—few or many—of hours worked. Payment for overtime hours under this method is at one-half time regular-rate instead of the standard one and one-half time rate because the straight-time rate already includes compensation for all hours worked." *Davis v. Friendly Exp., Inc.*, No. 02-14111, 2003 WL 21488682, at *1 (11th Cir. Feb. 6, 2003) (unpublished).

4

## Authority

Passed in 1938, FLSA establishes minimum wages and maximum hours "to protect certain groups of the population from substandard wages and excessive hours which endanger[ ] the national health and well-being and the free flow of goods in interstate commerce." *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 706 (1945). If an employee proves her employer violated FLSA, the employer must pay her unpaid wages (for up to two years or three if the employer had intentionally violated the law, *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 (1988)), an equal amount as liquidated damages (absent the employer's proof of good faith and reasonable grounds for believing it was not violating FLSA, 29 U.S.C. § 260), and attorneys' fees and costs. 29 U.S.C. § 216(b).

To foster FLSA's purpose and to prevent an employer from using its superior bargaining position to take advantage of an employee, the Eleventh Circuit limits the ability of private parties to settle a FLSA case. *Nall v. Mal-Motels, Inc.,* 723 F.3d 1304, 1306–07 (11th Cir. 2013). They must present their proposed settlement to the court, and the court must scrutinize it for fairness. *Id.* The requirement applies whether the plaintiff is a current or former employee. *Id.* If the agreement reflects a fair and reasonable compromise over a disputed issue, the court may approve it to promote the policy of encouraging settlement. *Lynn's Food Stores, Inc. v. U.S. ex rel U.S. Dep't of Labor*, 679 F.2d 1350, 1354 (11th Cir. 1982).

A court should presume that a settlement is fair and reasonable, *Cotton v. Hinton,* 559 F.2d 1326, 1330 (5th Cir. 1977), and then consider six factors: (1) the

5

existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the case; (3) the stage of the proceedings and the discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel, *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530–31 n.6 (11th Cir. 1994).

"FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions." *Silva v. Miller*, 307 F. App'x. 349, 351 (11th Cir. 2009). A court must review the reasonableness of attorney's fees to assure both that counsel is compensated adequately and that no conflict of interest influences the amount the employee recovers. *Id.* If the parties negotiated attorney's fees separately from the amount to the plaintiff, the court need not undertake a lodestar review of the attorney's fees for reasonableness. *DeGraff v. SMA Behavioral Health Servs., Inc.*, 945 F. Supp. 2d 1324, 1329 (M.D. Fla. 2013); *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

## Analysis

Applying the presumption of fairness, accepting the parties' representations as true, and considering the factors, the settlement agreement is a fair and reasonable compromise of disputed issues.

On the first factor (the existence of collusion behind the settlement), the parties represent there was no collusion, Doc. 20 at 3, and none is apparent. On the second factor (the complexity, expense, and likely duration of the case), the case appears more complex and likely to last longer than other FLSA cases considering the bona

6

fide disputes over discovery, the application of any exemption, and the amount of any damages, Doc. 20 at 1−2. On the third issue (the stage of the proceedings and the discovery completed), the parties have responded to court discovery and exchanged their own, indicating they have the facts needed to reach an informed settlement. On the fourth issue (the probability of the plaintiff's success on the merits), the plaintiff stands a chance of losing one or more of the bona fide disputes. On the fifth issue (the range of possible recovery), at one end, losing everything, the plaintiff could get nothing and have to pay the defendants' costs, and, at the other end, winning everything, she presumably could get the $180,873 she requested in response to the Court's interrogatories, Doc. 5. On the sixth factor (the opinions of counsel), counsel, all experienced in litigating FLSA claims, presumably find the settlement fair given their representation that each "was obligated to and did vigorously represent their clients' rights." Doc. 20 at 5. Most if not all factors indicate the agreement is a fair and reasonable compromise of disputed issues.[3]

---

[3] If an agreement to settle a FLSA overtime claim includes a general release, many judges will not approve the settlement because, without an indication of the value of the released claims, the fairness and reasonableness of the compromise cannot be determined. *See, e.g., Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351−52 (M.D. Fla. 2010). If an agreement to settle a FLSA overtime claim includes a confidentiality provision, many judges will strike the provision because it contravenes the FLSA's purpose and undermines the Department of Labor's efforts to inform employees of their rights. *See, e.g., Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242−43 (M.D. Fla. 2010). If an agreement to settle a FLSA overtime claim includes a non-disparagement provision, many judges will strike the provision because its placement of a prior restraint on one's ability to speak freely about the case contravenes public policy and the First Amendment. *See, e.g., Loven v. Occoquan Grp. Baldwin Park Corp.*, No. 6:14–cv–328–Orl–41TBS, 2014 WL 4639448, at *3 (M.D. Fla. Sept. 16, 2014) (unpublished). And if an agreement to settle a FLSA overtime claim includes a no-reemployment provision, many judges will strike the

On attorney's fees and costs, given the parties' representation they have agreed to amounts besides those to the plaintiff, Doc. 20 at 3, indicating they negotiated them separately from the amount to her, the court need not undertake a lodestar review. *See DeGraff,* 945 F.Supp.2d at 1329; *Bonetti,* 715 F. Supp. 2d at 1228. Moreover, $4182.60 appears reasonable given $8811 incurred, Doc. 20 at 3.

### Recommendation[4]

I recommend the Court:

1. **grant** the parties' motion for approval of the settlement agreement, Doc. 20;

2. **approve** the parties' settlement agreement as a fair and reasonable resolution of bona fide FLSA disputes;

3. consistent with the settlement agreement and Federal Rule of Civil Procedure 41(a)(2), **direct** the plaintiff to, within 14 days of the order, file a motion to dismiss with prejudice or other appropriate document to close the file; and

---

provision because its impact could be substantial and result in an unconscionable punishment for asserting FLSA rights. *See, e.g., Nichols v. Dollar Tree Stores, Inc.*, No. 1:13-cv-88(WLS), 2013 WL 5933991, at *5–6 (M.D. Ga. Nov. 1, 2013) (unpublished). The proposed settlement agreement does not contain any of these types of provisions.

[4]"Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

4. **direct** that, failing the plaintiff's timely filing of a motion to dismiss with prejudice or other appropriate document to close the file, the case will be automatically deemed dismissed with prejudice without further order.

**Entered** in Jacksonville, Florida, on **March 15, 2016**.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:  The Honorable Timothy J. Corrigan
    Counsel of Record